```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      EASTERN DIVISION
```
___

| | |
|---|---|
| **MICHELLE ELAINE RISNER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 18-cv-01008-TMP |
| **NANCY A. BERRYHILL, Acting** | ) |
| **Commissioner of Social** | ) |
| **Security,** | ) |
| | ) |
| Defendant. | ) |

___

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**
___

Before the court is plaintiff Michelle Elaine Risner's appeal from a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401 *et seq*. (ECF No. 1.) The parties have consented to the jurisdiction of the United States magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF No. 12.) For the following reasons, the Commissioner's decision is affirmed.

## I. FINDINGS OF FACT

Risner applied for disability benefits under Title II of the Act on May 24, 2011, with an alleged onset date of March 1, 2008. The Social Security Administration denied Risner's application initially and upon reconsideration. At Risner's request, a hearing was held before an Administrative Law Judge ("ALJ") on April 25,

2016, in Jackson, Tennessee. On June 6, 2016, the ALJ issued a decision denying Risner's request for benefits after finding that she was not under a disability because she retained the residual functional capacity ("RFC") to perform jobs that exist in significant numbers in the national economy. Specifically, the ALJ found that Risner had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) with various additional non-exertional limitations: she could not climb ladders, ropes, or scaffolds; she could only occasionally bend, stoop, kneel, crouch, crawl, and climb stairs/ramps; could tolerate occasional exposure to dust, fumes, odors, and pulmonary irritants; could understand, remember, and complete simple and detailed one- to three-step instructions and tasks; could maintain attention, concentration, persistence, and pace in two-hour segments with customary breaks between segments; and could tolerate infrequent contact with the public and infrequent changes in job duties. (Tr. 15)

The Appeals Council subsequently denied Risner's request for review, making the ALJ's decision the final decision of the Commissioner. Risner filed the instant action on January 9, 2018, seeking review of the ALJ's decision. (ECF No. 1.) In her appeal, Risner argues that the ALJ erred in weighing the medical opinions of Dr. Paul Schwartz and Dr. John Woods. As a result, Risner contends that the ALJ's disability determination is unsupported by substantial evidence.

## II. CONCLUSIONS OF LAW

**A.   Standard of Review**

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he or she was a party.  "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  Judicial review of the Commissioner's decision is limited to whether there is substantial evidence to support the decision and whether the Commissioner used the proper legal criteria in making the decision. Id.; Winn v. Comm'r of Soc. Sec., 615 F. App'x 315, 320 (6th Cir. 2015); Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011); Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is more than a scintilla of evidence but less than a preponderance, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

In determining whether substantial evidence exists, the reviewing court must examine the evidence in the record as a whole and "must 'take into account whatever in the record fairly detracts from its weight.'"  Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990) (quoting Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984)).   If substantial evidence is found to support the

Commissioner's decision, however, the court must affirm that decision and "may not even inquire whether the record could support a decision the other way." Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994) (quoting Smith v. Sec'y of Health & Human Servs., 893 F.2d 106, 108 (6th Cir. 1989)). Similarly, the court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. Ulman v. Comm'r of Soc. Sec., 693 F.3d 709, 713 (6th Cir. 2012) (citing Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007)). Rather, the Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations, and to resolve material conflicts in the testimony. Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997); Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990); Kiner v. Colvin, No. 12-2254-JDT, 2015 WL 1295675, at *1 (W.D. Tenn. Mar. 23, 2015).

**B.   The Five-Step Analysis**

The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1). Additionally, section 423(d)(2) of the Act states that:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any

> other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

Under the Act, the claimant bears the ultimate burden of establishing an entitlement to benefits. Oliver v. Comm'r of Soc. Sec., 415 F. App'x 681, 682 (6th Cir. 2011). The initial burden is on the claimant to prove she has a disability as defined by the Act. Siebert v. Comm'r of Soc. Sec., 105 F. App'x 744, 746 (6th Cir. 2004) (citing Walters, 127 F.3d at 529); see also Born v. Sec'y of Health & Human Servs., 923 F.2d 1168, 1173 (6th Cir. 1990). If the claimant is able to do so, the burden then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. Born, 923 F.2d at 1173; see also Griffith v. Comm'r of Soc. Sec., 582 F. App'x 555, 559 (6th Cir. 2014).

Entitlement to social security benefits is determined by a five-step sequential analysis set forth in the Social Security Regulations. See 20 C.F.R. §§ 404.1520 & 416.920. First, the claimant must not be engaged in substantial gainful activity. See 20 C.F.R. §§ 404.1520(b) & 416.920(b). Second, a finding must be made that the claimant suffers from a severe impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii) & 416.920(a)(5)(ii). In the third step, the ALJ determines whether the impairment meets or equals the severity

criteria set forth in the Listing of Impairments contained in the Social Security Regulations. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the impairment satisfies the criteria for a listed impairment, the claimant is considered to be disabled. On the other hand, if the claimant's impairment does not meet or equal a listed impairment, the ALJ must undertake the fourth step in the analysis and determine whether the claimant has the RFC to return to any past relevant work. See 20 C.F.R. §§ 404.1520(a)(4)(iv) & 404.1520(e). If the ALJ determines that the claimant can return to past relevant work, then a finding of not disabled must be entered. Id. But if the ALJ finds the claimant unable to perform past relevant work, then at the fifth step the ALJ must determine whether the claimant can perform other work existing in significant numbers in the national economy. See 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 416.960(c)(1)-(2). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a)(4).

**C. Whether the ALJ Erred in Weighing the Medical Opinions of Dr. Schwartz and Dr. Woods**

An "[RFC] is defined as 'the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs.'" Mokbel-Aljahmi v. Comm'r of Soc. Sec., 732 F. App'x 395, 399 (6th Cir. 2018) (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(c)). "'In formulating

[an RFC], the ALJ evaluates all relevant medical and other evidence and considers what weight to assign to treating, consultative, and examining physicians' opinions.'" Id. (quoting Eslinger v. Comm'r of Soc. Sec., 476 F. App'x 618, 621 (6th Cir. 2012)); see also 20 C.F.R. § 404.1545(a)(3). In making this determination, the ALJ may consider both objective medical evidence of a severe medical condition, and the credibility of the claimant's subjective complaints. See Steagall v. Comm'r of Soc. Sec., 596 F. App'x 377, 381 (6th Cir. 2015); Schmiedebusch v. Comm'r of Soc. Sec., 536 F. App'x 637, 649 (6th Cir. 2013).

Risner argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ did not give proper weight to the medical opinions of Dr. Paul Schwartz (a treating physician) and Dr. John Woods (a consultative examiner). In formulating an RFC finding, "the ALJ evaluates all relevant medical and other evidence and considers what weight to assign to treating, consultative, and examining physicians' opinions." Eslinger v. Comm'r of Soc. Sec., 476 F. App'x 618, 621 (6th Cir. 2012) (citing 20 C.F.R. § 404.1545(a)(3)); see also Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 514 (6th Cir. 2010). "An opinion from a treating physician is 'accorded the most deference by the SSA' because of the 'ongoing treatment relationship' between the patient and the opining physician. A nontreating source, who physically examines the patient 'but does not have, or did not have an ongoing treatment relationship with' the patient, falls next along the

-7-

continuum. A nonexamining source, who provides an opinion based solely on review of the patient's existing medical records, is afforded the least deference." Norris v. Comm'r of Soc. Sec., 461 F. App'x 433, 439 (6th Cir. 2012) (quoting Smith v. Comm'r of Soc. Sec., 482 F.3d 873, 875 (6th Cir. 2007)) (internal citations omitted).

Treating sources are accepted medical sources who have or have had an "ongoing treatment relationship" with a claimant. 20 C.F.R. § 416.927(a)(2). ALJs assess a treating source's opinion to determine if it is consistent with the medical records and is well-supported by clinical and laboratory diagnostic techniques. 20 C.F.R. § 416.927(c)(2). If it is, the ALJ will give the opinion controlling weight; if it is not, the ALJ will apply a set of regulatory factors to the opinion to determine what weight to give it. Id. ALJs should "always give good reasons" in their decisions for the weight that they give the opinion of a treating source. Id. In addition, "a treating source's opinion may be given little weight if it is unsupported by sufficient clinical findings and is inconsistent with the rest of the evidence." Morr v. Comm'r of Soc. Sec., 616 F. App'x 210, 211 (6th Cir. 2015) (citing Bogle v. Sullivan, 998 F.2d 342, 347-48 (6th Cir. 1993)); see also Keeler v. Comm'r of Soc. Sec., 511 F. App'x 472, 473 (6th Cir. 2013). It is the ALJ's responsibility to resolve conflicts in the record and, where that decision is supported by substantial evidence, it cannot be overturned. See Justice v. Comm'r of Soc. Sec., 515 F. App'x

583, 588 (6th Cir. 2013). A "nontreating source" is someone who has "examined the claimant but does not have, or did not have, an ongoing treatment relationship with [the claimant]." Smith v. Comm'r of Soc. Sec., 482 F.3d 873, 875 (6th Cir. 2007) (internal quotations omitted). Nontreating sources are not afforded the same level of deference as a treating source. See id.; see also Andres v. Comm'r of Soc. Sec., 733 F. App'x 241, 245 (6th Cir. 2018); Norris v. Comm'r of Soc. Sec., 461 F. App'x 433, 439 (6th Cir. 2012).

Dr. Schwartz, Risner's treating physician, completed a Medical Source Statement on September 16, 2013. (Tr. 536-39). Dr. Schwartz opined that Risner could stand and/or walk for less than one hour in an eight-hour day and for less than 10 minutes at a time; she could sit for less than one hour during an eight-hour day and for less than 10 minutes at a time; she could never climb, balance, stoop, crouch, crawl, or kneel; she needed unscheduled breaks every 10 to 15 minutes, could not perform low-stress jobs, and had 25 "bad days" per month. (Id.) The ALJ found "[n]o weight is given to the extreme physical limitations opined to by Dr. Paul Schwartz because they are not consistent with the record for reasons discussed below." The court finds that the ALJ gave good reasons to give no weight to the opinion of Dr. Schwartz, as the opinion was inconsistent with the clinical findings from Risner's examinations, her conservative treatment, and her daily activities.

The treatment record from Dr. Schwartz indicated only that Risner had diffuse muscle pain. (Tr. 517.) Her straight-leg raises and reflexes were normal. (Id.) There was no evidence of an impaired gait, reduced strength, diminished sensation, muscle spasm, or reduced range of motion (Id.) Other treatment records also showed that her back was tender but otherwise did not indicate any abnormal findings. (Tr. 409, 411–13, 419, 422, 424, 449, 456, 513, 543). Risner's chiropractor records indicated that Risner had some reduced range of motion in her back but otherwise had full strength, intact sensation, normal reflexes, only a minimally guarded gait, and that she could squat unassisted, heel walk, and toe raise. (Tr. 366–68, 374–75.) Dr. Joseph Rowland, a neurosurgeon, indicated that Risner had only "slight" pain in her back with range of motion, she was not in any acute distress and had full reflexes, she had a normal gait and intact sensation, and she showed no motor loss. (Tr. 376–77.) Dr. James Warmbrod indicated that Risner's back was only mildly tender and she had no motor weakness, concluding that her subjective complaints "far outweigh[ed]" the objective findings from his examination.[1] (Tr. 468.)

---

[1] To the extent Risner relies on additional medical records from Dr. Schwartz that she submitted to the Appeals Council, the court declines to consider those records in evaluating whether substantial evidence supports the ALJ's decision. See Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996) ("[W]here the Appeals Council considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits, the district court cannot consider that new evidence in

In addition, as the ALJ noted, Risner received only conservative treatment for her conditions, consisting mostly of injections and prescription medication, and recommendations that she take hot showers, receive massages, lose weight, and exercise. (Tr. 16–19, 377, 380, 384, 387, 392, 423, 456, 514.) Conservative treatment can be a "good reason" for discounting a doctor's opinion. See Kepke v. Comm'r of Soc. Sec., 636 F. App'x 625 (6th Cir. 2016). Moreover, the extreme limitations contained in Dr. Schwartz's opinions were inconsistent with Risner's daily activities. (Tr. 14, 16–17, 44-45, 368, 381, 401.). The court finds that the ALJ gave good reasons, supported by substantial evidence, for giving no weight to Dr. Schwartz's opinion.

As to Dr. Woods, a non-treating consultative examiner, the court likewise finds that the ALJ's decision to give little weight to his opinion is supported by substantial evidence. While Dr. Woods's examination revealed some abnormalities, Risner had full strength, no spinal tenderness, normal reflexes, no focal or sensory deficits, and negative straight-leg raises. (Tr. 19, 460–63.) Additionally, Risner's treatment records do not document with any consistency reduced strength, diminished sensation, positive straight-leg raises, impaired gait or motor functioning, restricted range of motion, or muscle spasms (Tr. 19.) Dr. Rowland's examination revealed that Risner had only "slight" pain in her

---

deciding whether to uphold, modify, or reverse the ALJ's decision").

back, she was not in any acute distress and had full reflexes, and she had a normal gait, intact sensation, and no motor loss (Tr. 376-77.) Dr. Warmbrod's examination similarly revealed that Risner's back was only mildly tender, a negative straight-leg raise test, and no motor weakness. (Tr. 468.) Based on the entire record, the court finds that the ALJ's assessments of Dr. Schwartz's and Dr. Woods's opinions were well within the ALJ's "zone of choice" and supported by substantial evidence.

### III. CONCLUSION

For the reasons above, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

March 29, 2019
Date
